**PRINCE, YEATES & GELDZAHLER**
Thomas R. Barton (6827) (tbarton@princeyeates.com)
Alex B. Leeman (12578) (aleeman@princeyeates.com)
G. Troy Parkinson (9011) (gtp@princeyeates.com)
15 West South Temple, Suite 1700
Salt Lake City, Utah  84101
Telephone:  (801) 524-1000
Facsimile: (801) 524-1098

*Attorneys for the Receiver*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ELITE IT PARTNERS, INC., a Utah corporation doing business as ELITE IT HOME, and JAMES MICHAEL MARTINOS, individually and as an officer of ELITE IT PARTNERS, INC.,<br><br>Defendants. | **RECEIVER'S MOTION FOR COURT APPROVAL TO PAY CERTAIN DEBTS AND OBLIGATIONS**<br><br>Civil No. 2:19-cv-00125-RJS<br><br>Hon. Robert J. Shelby |

Thomas R. Barton, court-appointed receiver ("Receiver") over Elite IT Partners, Inc. ("Elite IT Partners"), and each of its subsidiaries, affiliates, successors and assigns (collectively the "Receivership Entities"[1]), applies to the Court for approval to pay certain debts and obligations related to the operations of the Receivership Entities.  The Receiver respectfully

---

[1] The Receivership Entities, as defined in the *Ex Parte* Temporary Restraining Order, With Asset Freeze, Appointment of a Temporary Receiver, and Other Equitable Relief [Docket No. 15] (the "TRO"), includes Elite IT Partners as well as any other entity that has conducted any business related to the marketing or sale of its technical support products and services, including receipt of Assets derived from any activity that is subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any other defendant in this matter.  *See* TRO, p. 5.

requests an expedited decision because some of the payables are past due or are coming due in the immediate future. The basis for this request is described as follows:

1. In the TRO, the Court appointed the Receiver on a temporary basis subject to certain duties and authority. *See generally*, TRO, §§ XIII, and XIV. Specifically, the Receiver is authorized to:

> Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as Receiver. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Entities prior to the date of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Receivership Entities, such as rental payments.

TRO, § XIV.G.

2. The TRO also authorizes the Receiver to establish separate bank accounts for the Receivership and provides that he "shall deposit all funds of the Receivership Entities in such designated accounts shall and make all payments and disbursements from the receivership estate from such accounts." *Id.* at § XIV.O.

3. The Receiver has established such an account at Stretto (the "Stretto Account"), which is a financial institution that specializes in providing banking services for receiverships, bankruptcy trustees, corporate restructuring, etc.

4. As a result of the asset freeze contained executed under TRO, funds totaling approximately $684,049.00 held at Wells Fargo in the accounts of Elite IT Partners were frozen.

5. The Receiver has transferred funds (or is in the processing of transferring funds) to the Stretto Account from the frozen accounts at Wells Fargo. Additional funds from the operations of Elite IT Partners have been deposited (or are in the process of being deposited) into

the Stretto Account. The Receiver is in the process of investigating and gathering funds from other sources as well.

      6.      The following debts and obligations were incurred by the Receivership Entities prior to the entry of the TRO, and the Receiver believes that Receivership funds should be expended to pay them:

    a. Payroll for the period Sunday, February 17, 2019 through Saturday, March 2, 2019. Elite IT Partners' regular payday is March 8, 2019. The total amount of the payroll is approximately $60,462.46.[2]

    b. Certain payroll checks for the prior pay period (February 3 to 17, 2019) which bounced because they were deposited after the account freeze went into effect. The total amount of such checks presented to the Receiver as of the date of this Motion is $1,372.52. If additional bounced checks from prior pay periods are presented to the Receiver, the Receiver requests continuing authority to pay them.

    c. Expense reimbursement to employee Wally Randolph: $338.09

    d. Jive Communications (telephone and support services, month ending 3/01/2019): $2,199.31

    e. Ingram Micro (security software licensing fees, invoice date 2/14/2019): $5,996.16

    f. Ingram Micro (software licensing, invoice date 2/04/2019): $371.97

    g. Manpower (temporary staffing, invoice date 2/24/2019): $73.85

    h. Nexio (transaction support, invoice date 1/31/2019): $351.89

---

[2] This amount does not include wages for Defendant James Michael Martinos. The Receiver believes that making payment to Mr. Martinos may violate the injunctions in the TRO.

      i. Administrative Offices of the Court (invoice for February 2019): $30.00

      j. Other expenses or invoices from third-parties not believed by the Receiver to be complicit in the activities described in Paragraphs B and C of the Findings of Fact contained in the TRO, for products or services delivered prior to the effective date of the TRO, which the Receiver deems necessary or advisable to maintain the status quo of the Receivership Entities and prevent the imposition of penalties, interest, or additional expense upon the Receivership.

7. In addition, the following expenses have been incurred by the Receivership Entities after the establishment of the Receivership. Although the TRO allows the Receiver discretion to pay post-appointment expenses associated with the Receivership, *see* TRO, § XIV.G, the Receiver requests such approval. Each expense relates to the operations of the Receivership Entities, and, in the Receiver's view, is necessary to maintain, secure and preserve the assets of the Receivership and/or to maintain the status quo of the Receivership Entities. None of the following expenses are related to the provision of the Technical Support Products and Services, as defined in the TRO, that are subject to the injunction contained in the TRO:

      a. Select Health insurance premiums for March 2019: $13,359.40

      b. EMI Health insurance premiums for March 2019: $468.40

      c. Voonami (internet service for March 2019): $200.00

8. The Receiver requests expedited consideration of this Motion, as the foregoing expenses (such the bounced employee paychecks referenced in ¶ 6.b) are already overdue, and others are due in the immediate future. Accordingly, the Receiver respectfully requests a decision at the earliest convenience of the Court, and will make himself available for a hearing or telephone conference at the Court's convenience.

-5-

DATED this 7th day of March, 2019.

                              PRINCE, YEATES & GELDZAHLER

                              /s/ Thomas R. Barton
                              Thomas R. Barton, Esq.
                              Alex B. Leeman, Esq.
                              G. Troy Parkinson, Esq.

                              *Attorney for the Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **RECEIVER'S MOTION FOR COURT APPROVAL TO PAY CERTAIN DEBTS AND OBLIGATIONS** was filed with the Court's e-filing service this 7th day of March, 2019, which sent notice to the following:

Amanda R. Grier (agrier@ftc.gov)
Colleen B. Robbins (crobbins@ftc.gov)
Elsie B. Kappler (ekappler@ftc.gov)
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave. NW, CC-8528
Washington, DC 20580

*Attorneys for the Federal Trade Commission*


Brett L. Tolman (btolman@rqn.com)
Eric G. Benson (ebenson@rqn.com)
Z. Ryan Pahnke (rpahnke@rqn.com)
Katherine Priest (kpriest@rqn.com)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

*Attorneys for Elite IT and James Martinos*


/s/ Alex B. Leeman

4844-5062-2857, v. 1