**PRINCE, YEATES & GELDZAHLER**
Thomas R. Barton (6827) (tbarton@princeyeates.com)
Alex B. Leeman (12578) (aleeman@princeyeates.com)
G. Troy Parkinson (9011) (gtp@princeyeates.com)
15 West South Temple, Suite 1700
Salt Lake City, Utah  84101
Telephone:  (801) 524-1000
Facsimile: (801) 524-1098

*Attorneys for the Receiver*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ELITE IT PARTNERS, INC., a Utah corporation doing business as ELITE IT HOME, and JAMES MICHAEL MARTINOS, individually and as an officer of ELITE IT PARTNERS, INC.,<br><br>Defendants. | **FIRST APPLICATION AND DECLARATION OF RECEIVER THOMAS R. BARTON REQUESTING APPROVAL TO PAY FEES AND EXPENSES OF THE RECEIVERSHIP**<br><br>Civil No. 2:19-cv-00125-RJS<br><br>Hon. Robert J. Shelby |

Thomas R. Barton, court-appointed temporary receiver ("Receiver") over Elite IT Partners, Inc. ("Elite IT"), and each of its subsidiaries, affiliates, successors and assigns (collectively the "Receivership Entities"[1]), hereby submits this application for approval to pay fees and expenses of the Receivership ("Application"), and declares as follows:

---

[1]  The Receivership Entities, as defined in the *Ex Parte* Temporary Restraining Order, With Asset Freeze, Appointment of a Temporary Receiver, and Other Equitable Relief [Docket No. 15] (the "TRO"), includes Elite IT as well as any other entity that has conducted any business related to the marketing or sale of its technical support products and services, including receipt of Assets

1. On February 27, 2019, the Court entered its TRO appointing me as Receiver of the Receivership Entities. The TRO has been extended three times, and is currently set to expire on May 8, 2019, unless extended again by the Court. *See* First, Second, Third and Fourth Orders Extending Temporary Receivership. [Docket Nos. 47, 59, 72 and 97]

2. Section XX of the TRO states:

> IT IS FURTHER ORDERED that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Entities. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

3. This Application for Payment of Fees and Expenses covers the time period from commencement of the Receivership on February 27, 2019, through March 31, 2019.

4. On March 7 and 22, 2019 [Docket Nos. 28 and 52], the Receiver requested permission from the Court to pay certain expenses of the Receivership entities, such as employee payroll, software licensing fees for Elite IT Home customers, health insurance premiums, and other pre- and post-Receivership expenses. The Court has previously approved each of these prior requests. [Docket Nos. 31 and 62]

5. The fees and expenses addressed in this Application have been incurred by the Receivership itself. They include fees for the Receiver, attorneys and staff assisting him; fees for

---

derived from any activity that is subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any other defendant in this matter. *See* TRO, p. 5.

the accountants retained by the Receiver; and website development and maintenance fees for the Receivership's website.

6. The TRO also authorizes the Receiver to establish separate bank accounts for the Receivership and provides that he "shall deposit all funds of the Receivership Entities in such designated accounts shall and make all payments and disbursements from the receivership estate from such accounts." *Id.* at § XIV.O.

7. The Receiver has established such an account at Stretto (the "Stretto Account"), which is a financial institution that specializes in providing banking services for receiverships, bankruptcy trustees, corporate restructuring, etc.

8. As a result of the asset freeze contained executed under TRO, funds totaling approximately $684,049.00 held at Wells Fargo in the accounts of Elite IT Partners were frozen. The Receiver has transferred these funds to the Stretto Account.

9. Additional funds from the operations of Elite IT Partners have been deposited (or are in the process of being deposited) into the Stretto Account. Expenses of the Receivership have been paid from this account. The Receiver is in the process of investigating and gathering funds from other sources as well.

10. As of the date of this filing, the Receiver is holding funds totaling $564,527.18 in the Stretto Account.

11. Attached as <u>Exhibit A</u> is a billing statement from Prince, Yeates & Geldzahler for the applicable time period. The work performed during the applicable time period by the Receiver and other attorneys and paralegals at Prince Yeates is detailed in the billing statement. Generally, the work performed by the Receiver and others at Prince Yeates has consisted of:

- Initial review of the FTC's Complaint, motion for TRO, associated exhibits, and the TRO itself. Ongoing review of evidence submitted by FTC.

- Immediate entry into Elite IT's Orem office to secure the premises assets, documents, and data, interview employees, etc. Ongoing interviews of employees, investigation of Elite IT's data, information and systems.

- Analysis of the operations of the Receivership Entities, including both the "Home" and "B2B" operation. Work to secure Receivership assets.

- Work with Elite IT employees to maintain B2B operations, assess staffing needs, secure access to company data. Attention to various human resources issues—including ongoing payroll and scheduling of B2B employees. Communicate with B2B clients regarding the receivership, case status, and fulfilling ongoing contractual obligations.

- Send out notices of receivership to IRS and other federal district courts where receivership assets are located. (See 28 U.S.C. § 754 and 26 U.S.C. § 6036.)

- Legal research re: authority of receiver vis-à-vis corporate attorneys, ability of receiver to cancel contracts, and other relevant points of law.

- Preparation and submission of a Response [Docket No. 35] and Declaration [Docket No. 34] opposing Defendants' Emergency Motion to Limit the Receiver's Authority. Additional preparation for, and participation in, hearing related thereto.

- Various motions to the Court to pay expenses of the Receivership Entities [Docket Nos. 28 and 52], and other motions related to the administration of the Receivership and Receivership Entities. [Docket Nos. 40 and 66]

- Multiple visits to Wells Fargo and communications with Wells Fargo personnel in order to arrange for transfer of funds from Wells Fargo accounts to the Receivership account. [*See* Docket Nos. 41 and 43]

- Work with accountants in preparing the Receiver's First Accounting and Financial Report. [Docket No. 53]

- Preparation and submission of the Memorandum Opposing Defendants' Motion to Release Funds for Payment of Attorney Fees. [Docket No. 60]

- Creation and maintenance of an informational website for Elite IT customers. Written and telephonic communications with customers and employees.

- Repeated notices to, and communications with, various entities regarding the Court's extensions of the TRO and the Receivership. [Docket Nos. 47 and 59]

- Work to secure ongoing support for protective software installed on computers of Elite IT Home customers.

- Work to respond to chargeback requests and unemployment claims in order to secure and preserve Receivership assets and the rights of the Receivership Entities.

- Communications with Utah Assistant Attorney General re: pending lawsuit against Elite IT and prior administrative proceeding
- Communications with the Court's clerk regarding various issues.
- Communications with attorneys for the FTC and Martinos parties regarding various issues.

12. The fees for the services of the Receiver and his attorneys and paralegals at Prince Yeates, as shown in Exhibit A, total $95,068.00. At the request of the FTC, the Receiver has reduced this amount by five percent (5%) ($4,753.40) for an adjusted total of $90,314.60.

13. Over $12,000 of the fees expended by the Receiver were associated with opposing Mr. Martinos' Emergency Motion to Limit the Receiver's Authority and his subsequent Motion to Release Funds for Payment of Attorney Fees.

14. Although the Receiver has worked to reduce the drain on the Receivership associated with supervision of Elite IT's B2B operation, the Receiver estimates that approximately $25,000 of the total fees expended by the Receiver were directly associated with the Receiver's efforts to maintain the status quo with the B2B operation, which has included supervision of Elite IT employees, communications with B2B customers, and attention to additional expenses, payroll, and administrative burden directly associated with the B2B operation.

15. The billing rates for the attorneys and paralegals utilized by the Receiver are as follows:

| Name | Hourly Rate |
|---|---|
| a. Thomas R. Barton, Receiver | $305.00 |
| b. Alex B. Leeman, attorney | $235.00 |
| c. G. Troy Parkinson, attorney | $235.00 |
| d. Karen Kendrick, paralegal | $135.00 |

16. The billing rates for the Receiver and the attorneys and paralegal working on this matter have been discounted substantially below their regular hourly rates. The Receiver believes these rates to be reasonable based on his 20 years of experience as an attorney in this market, local industry standards, the experience and skill of the individuals in question, and the nature of the work performed.

17. Costs and expenses incurred by the Receivership through March 31, 2019, and to be reimbursed to Prince Yeates, total $1,930.56. *See* Exhibit A. This amount consists, generally, of costs associated with creating and maintaining the Receivership informational website, parking, postage, and public record search expenses.

18. The sum total of fees and costs requested to be paid to Prince Yeates is **$92,245.16**. The Receiver believes these amounts are reasonable based on his experience as an attorney, prior experience as a receiver, local industry standards, and the amount and nature of the work performed. This is especially true in light of the additional five percent discount.

19. Attached as Exhibit B is a billing statement from Rocky Mountain Advisory for the applicable time period. Rocky Mountain Advisory is the accounting firm retained by the Receiver pursuant to Section XIV.F of the TRO to assist with analyzing and managing the affairs of the Receivership. The work performed during the applicable time period by Rocky Mountain Advisory is detailed in the billing statement.

20. Attached as Exhibit C is the Declaration of John H. Curtis, of Rocky Mountain Advisory, describing the services rendered, rates charged, and basis for Rocky Mountain Advisory's fees and expenses. The Receiver believes the fees and expenses owed to Rocky Mountain Advisory are reasonable based on his 20 years of experience as an attorney in this

market, local industry standards, the experience and skill of the individuals in question, and the nature of the work performed.

21. The sum total of fees and costs requested to be paid to Rocky Mountain Advisory is **$24,435.52**.

22. Attached as Exhibit D is a billing statement from Jon Robertson for the applicable time period. Mr. Robertson was engaged pursuant to Section XIV.F of the TRO to assist with creating and updating the Receivership informational website and information pop-ups on the Elite IT Home website. The work performed during the applicable time period by Mr. Robertson is detailed in the billing statement.

23. The sum total of fees requested to be paid to Mr. Robertson is **$1,015.00**.

24. If approved, the Receiver intends to pay the foregoing fees and expenses described in this Declaration from the amounts held in the Receivership account at Stretto.

25. The Receiver has communicated with counsel for the FTC. He has provided them with copies of the relevant invoices and a draft of this Application. The FTC has indicated that it does not oppose this Application, the total amount requested, **$117,695.68**, or the component parts identified herein.

I declare the foregoing to be true and accurate, to the best of my knowledge, information and belief, under penalty of perjury of the United States of America. A proposed Order is submitted herewith.

RESPECTFULLY SUBMITTED this 26th day of April, 2019.

/s/ Thomas R. Barton (original on file with counsel)
Thomas R. Barton, Receiver

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of April, 2019, I filed a true and correct copy of the foregoing **FIRST APPLICATION AND DECLARATION OF RECEIVER THOMAS R. BARTION REQUESTING APPROVAL TO PAY FEES AND EXPENSES OF THE RECEIVERSHIP**, which sent notice to the following via the Court's CM/ECF system:

Amanda R. Grier (agrier@ftc.gov)
Colleen B. Robbins (crobbins@ftc.gov)
Elsie B. Kappler (ekappler@ftc.gov)
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave. NW, CC-8528
Washington, DC 20580

*Attorneys for the Federal Trade Commission*


Brett L. Tolman (btolman@rqn.com)
Eric G. Benson (ebenson@rqn.com)
Z. Ryan Pahnke (rpahnke@rqn.com)
Katherine Priest (kpriest@rqn.com)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385

*Attorneys for Elite IT and James Martinos*


/s/ Alex B. Leeman

4812-1252-6485, v. 1