Amanda R. Grier (agrier@ftc.gov)
Colleen B. Robbins (crobbins@ftc.gov)
Elsie B. Kappler (ekappler@ftc.gov)
FEDERAL TRADE COMMISSION
(Each appearing pursuant to DUCivR83-1.1(e))
Attorneys for Plaintiff
Division of Marketing Practices
600 Pennsylvania Ave., N.W., CC-8528
Washington, DC 20580
Telephone: (202) 326-3745
Facsimile: (202) 326-3395

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　Plaintiff,<br><br>　　v.<br><br>ELITE IT PARTNERS, INC., a Utah corporation doing business as ELITE IT HOME, and<br><br><br>JAMES MICHAEL MARTINOS, individually and as an officer of ELITE IT PARTNERS, INC.,<br><br>　　Defendants. | Case No. 2:19-CV-125 RJS<br><br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS ELITE IT PARTNERS, INC., AND JAMES MICHAEL MARTINOS**<br><br><br>Chief District Judge Robert J. Shelby |

　　Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint

for Permanent Injunction and Other Equitable Relief ("Complaint") pursuant to Sections13(b) and

19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b.   The

Commission and Defendants Elite IT Partners, Inc., through the Receiver, Thomas Barton, and James Michael Martinos stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, as amended, and Section 5 of the Restore Online Shopper's Confidence Act ("ROSCA"), 15 U.S.C. §§ 8401-8405, in the marketing and sale of computer security or computer-related technical support services.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order and agree to bear their own costs and attorney fees.

5. Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Defendants**" means the Individual Defendant and the Corporate Defendant, individually,

collectively, or in any combination.

1. "**Corporate Defendant**" means Elite IT Partners, Inc., and its successors and assigns.

2. "**Individual Defendant**" means James Michael Martinos.

B. "**Negative Option Feature**" means, in an offer or agreement to sell or provide any good or service, a provision under which the consumer's silence or failure to take affirmative action to reject a good or service or to cancel the agreement is interpreted by the seller or provider as acceptance or continuing acceptance of the offer.

C. "**Receivership Defendant**" means "Corporate Defendant" as defined above.

D. "**Technical Support Products or Services**" and "**Technical Support Product or Service**" means any product, service, plan, program, software, or hardware marketed to clean, repair, or maintain a computer or improve its performance or security, including antivirus programs, registry cleaners, and computer or software diagnostic, maintenance, cleaning, or repair services.

E. "**Telemarketing**" means any plan, program, or campaign which is conducted to induce the purchase of goods or services by use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule.

**ORDER**

**I.      BAN ON TECHNICAL SUPPORT PRODUCTS OR SERVICES**

IT IS ORDERED that Defendants are permanently restrained and enjoined from:

A. advertising, marketing, promoting, or offering for sale any Technical Support Product or Service to consumers;

B.	assisting, including providing consulting services, others engaged in or receiving any proceeds from advertising, marketing, promoting, or offering for sale any Technical Support Product or Service to consumers; or

C.	owning, controlling, or serving as an officer, director, or manager of any business entity advertising, marketing, promoting, or offering for sale any Technical Support Product or Service to consumers.

*Provided*, however, that "consumers" shall not include corporations, limited liability companies, limited liability partnerships, limited liability limited partnerships, or subchapter S corporations.

## II.     BAN RELATING TO NEGATIVE OPTION FEATURES

IT IS FURTHER ORDERED that Defendants, whether acting directly or through an intermediary, are permanently restrained and enjoined from promoting or offering for sale or assisting (including providing consulting services) others in the promoting or offering for sale of any good or service with a Negative Option Feature, except that this provision shall not apply to entities that are not consumers (as defined in Section I) with which Defendants have negotiated contracts.

## III.     PROHIBITION AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A. that Defendants have detected viruses or infections on any person's or entity's computer that affect the security of such computer and prevent access to email or other accounts;

B. that Defendants are part of, affiliated with, or certified or authorized by any entity; and

C. any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

### IV. PROHIBITION CONCERNING TELEMARKETING

IT IS FURTHER ORDERED that Defendants and Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any good or service are hereby permanently restrained and enjoined from:

A. using any false or misleading statement to induce any person to pay for goods or services;

B. failing to disclose truthfully, and in a clear and conspicuous manner, before accepting payment from a customer, the following material information:

    i. the total costs to purchase, receive, or use, and the quantity of, any goods or services that are the subject of the sales offer;

    ii. all material restrictions, limitations, or conditions to purchase, receive, or use the goods or services that are the subject of the sales offer; and

    iii. if the seller has a policy of not making refunds, cancellations, exchanges, or repurchases, a statement informing the customer that this is the seller's policy; or if the seller or telemarketer makes a representation about a refund, cancellation, exchange, or

repurchase policy, a statement of all materials terms and conditions of such policy; and

C. violating the TSR, 16 C.F.R. Part 310, attached as Attachment A.

## V. PROHIBITIONS CONCERNING REFUNDS AND CANCELLATIONS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, sale, or distribution of any good or service, are permanently restrained and enjoined from:

A. misrepresenting, expressly or by implication, any material term of any refund, return, or cancellation policy or practice; and

B. failing to honor a refund, return, or cancellation request that complies with any policy to make refunds or allow returns or cancellations.

## VI. MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A. Judgment in the amount of thirteen million five hundred thirty-seven thousand two hundred eighty-eight dollars and seventy-five cents ($13,537,288.75) is entered in favor of the Commission against the Individual Defendant and Corporate Defendant, jointly and severally, as equitable monetary relief.

B. Immediately after entry of this Order, the Individual Defendant is ordered to pay to the Commission one hundred seventy-three thousand five hundred dollars ($173,500), held by Think Mutual in the account ending in 7384. This obligation is satisfied when Think Mutual transfers the $173,500 to the Commission in accordance with Section VI.D.

C. In the event that the Individual Defendant fails to make the required payment when due under Subsection B, above, or the Commission is not allowed to retain any such payment, the entire judgment becomes immediately due in the amount specified in Subsection A, above, less any partial payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

D. Think Mutual Bank is ordered to pay the Commission within seven (7) days of this Order all sums held in accounts in the name of Individual Defendant, individually or jointly with others, including amounts held in accounts ending in 7384 and 0000.

E. Wells Fargo Bank is ordered, within seven (7) days of this Order, to liquidate the brokerage account in the name of Individual Defendant ending in 6339, and thereafter to immediately pay the Commission all proceeds from such liquidation.

F. Vanguard Group, Inc. is ordered, within seven (7) days of this Order, to liquidate the IRA in the name of Individual Defendant ending in 6473, and thereafter to immediately pay the Commission all proceeds from such liquidation.

G. All payments to the Commission under the foregoing subsections shall be made by electronic fund transfer in accordance with the instructions provided by a representative of the Commission.

H. Upon payment, the remainder of the judgment is suspended, subject to the Subsections below.

I. The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the

Commission, namely:

    1.    the Financial Statement of Individual Defendant James Michael Martinos signed on March 6, 2019, and amended on August 8, 2019, including the attachments;

    2.    the Financial Statement of Corporate Defendant Elite IT Partners, Inc., signed by James Michael Martinos on March 6, 2019, including the attachments;

    3.    the sworn declaration of Individual Defendant James Michael Martinos signed on August 19, 2019.

J.    The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

K.    If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint (Dkt. 1)), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## VII. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.    Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.    The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to

enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.  The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.  Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers) may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E.  All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VIII.  CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, their officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A. failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days.

B. disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the sale of Tech Support Products and Services to consumers related to the sale of services under the name "Elite IT Home"; and

C. failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

*Provided*, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## IX. LIFTING OF ASSET FREEZE

IT IS FURTHER ORDERED that the freeze of Defendants' assets remains in effect, but will be lifted for the sole purpose of transferring funds and assets to the Commission pursuant to Sections VI and X herein, and will be dissolved only upon completion of all such transfers.

## X. RECEIVERSHIP

IT IS FURTHER ORDERED that:

A. Except as modified by this Section, the Receivership imposed by the court will continue as set forth in the Stipulated Preliminary Injunction Order as to Elite IT Partners, Inc. and James Michael Martinos entered on May 6, 2019 (Dkt. 104).

B. The Receiver must take all steps necessary to immediately wind down the affairs and liquidate the assets of the Receivership Defendant. *Provided*, however, notwithstanding any limitations in Sections I.B, II, and VIII.B, the Receiver, in his discretion, may assist in transitioning customers of Corporate Defendant to current providers of antivirus software and backup services. *Provided further*, however, that notwithstanding any limitations in Section V.B, the Receiver is not responsible for providing refunds to consumers of Corporate Defendant.

C. Upon approval of the Receiver's final report and request for payment, but no later than one hundred twenty (120) days after entry of this Order, the Receivership will be terminated, and all funds remaining after payment of the Receiver's final approved payment must be remitted immediately to the Commission or its designated representative.

D. Any party or the Receiver may request that the Court extend the Receiver's term for good cause.

## XI. COOPERATION

IT IS FURTHER ORDERED that Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Defendants must provide truthful and complete information, evidence, and testimony. The Individual Defendant must appear and the Corporate Defendant must cause the Corporate Defendant's officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a

Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## XII.  ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, the Individual Defendant for any business that such Defendant, individually or collectively with the other Defendant, is the majority owner of or controls directly or indirectly, and the Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for the conduct specified in Sections III.A-C, IV.A-C, and V.A-B, and all agents and representatives who participate in the conduct specified in Sections III.A-C, IV.A-C, and V.A-B, and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XIII. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1. Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, the Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email, and Internet addresses, including all residences; (b) identify all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest; and (c) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 10 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of the Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, the Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to

the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Elite IT Partners, Inc., et al.

## XIV. RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendant and the Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, telephone numbers, job title or position, dates of service, and (if applicable) the reason for termination;

C. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. a copy of each unique advertisement or other marketing material.

## XV. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, including the financial representations upon which part of the judgment was

suspended and any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

## XVI. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED this _____ day of _____, 2019.

BY THE COURT:

_____
Robert J. Shelby
United States Chief District Judge

**For the Federal Trade Commission:**

Dated: 11/20/2019

_____
Amanda R. Grier
Colleen B. Robbins
Elsie B. Kappler
Federal Trade Commission
600 Pennsylvania Ave., N.W., CC-8528
Washington, DC 20580
(202) 326-3745 (Grier)
(202) 326-2548 (Robbins)
(202) 326-2466 (Kappler)
agrier@ftc.gov
crobbins@ftc.gov
ekappler@ftc.gov
Attorneys for Plaintiff Federal Trade Commission

**For Defendant Elite IT Partners, Inc.**

Dated: 9/17/19

By: _____
James Michael Martinos, President/CEO

Assented to:

_____
Thomas R. Barton, Receiver

**For Defendant James Michael Martinos:**

Dated: 9/17/19

_____
James Michael Martinos, Individually

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　Plaintiff,<br><br>　　v.<br><br>ELITE IT PARTNERS, INC., a Utah corporation doing business as ELITE IT HOME, and<br><br>JAMES MICHAEL MARTINOS, individually and as an officer of ELITE IT PARTNERS, INC.,<br><br>　　Defendants. | Case No. 2:19-CV-125 RJS<br><br><br>**ACKNOWLEDGMENT BY AFFIDAVIT OF RECEIPT OF ORDER BY DEFENDANT JAMES MICHAEL MARTINOS**<br><br>Chief District Judge Robert J. Shelby |

　　My name is James Michael Martinos, my job title is President, and I am authorized to accept service of process on Elite IT Partners, Inc. I am a U.S. citizen over the age of eighteen, and I have personal knowledge of the facts set forth in this Acknowledgment.

2.　　I was a Defendant and Elite IT Partners, Inc. was a Defendant in FTC v. Elite IT Partners, Inc., et al., which is the court case listed near the top of this page.

3.　　On _____, 2019, I received a copy of the Stipulated Order for Permanent Injunction and Monetary Judgment as to Defendants Elite IT Partners, Inc., and James Michael Martinos, which was signed by the Honorable Chief District Judge Robert J. Shelby and entered by the Court on _____, 2019. A true and correct copy of the Order that I received is attached to this Acknowledgment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on _____, 2019.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　James Michael Martinos

State of _____, City of _____

Subscribed and sworn to before me
this _____ day of _____, 201__.

_____
Notary Public

My commission expires:
_____