**Proposed Order submitted by:**
PARSONS BEHLE & LATIMER
Thomas R. Barton (6827) (tbarton@parsonsbehle.com)
Alex B. Leeman (12578) (aleeman@parsonsbehle.com)
Matthew J. Van Wagoner (16596) (mvanwagoner@parsonsbehle.com)
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111

*Court-Appointed Receiver and Counsel*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br>v.<br><br>ELITE IT PARTNERS, INC., and JAMES MICHAEL MARTINOS,<br><br>    Defendants. | **ORDER APPROVING THE RECEIVER'S FINAL DISTRIBUTION AND TERMINATING THE RECEIVERSHIP**<br><br>Case No. 2:19-cv-00125-RJS<br><br>Hon. Robert J. Shelby |

WHEREAS this Court appointed Thomas R. Barton as Receiver (the "Receiver" or the "Buchanan Receiver") for the Elite IT Partners, Inc. ("Elite"); and

WHEREAS the Court finds that the Receiver has managed, preserved, protected, maintained, sold, and distributed assets of the Receivership in a reasonable, prudent, diligent and efficient manner; and

WHEREAS the Court finds that the duties, responsibilities and obligations of the Receiver have been fully performed and the purpose of the Receivership has been fulfilled and the grounds for the Receivership no longer exist; and

WHEREAS the Court find that the fees and expenses of the Receiver and his retained professionals were necessary and for the benefit of the Receivership; the amount of fees and expenses was reasonable based on the extent, nature, and value of services rendered and the cost of comparable services; and the fees and expenses of the Receiver and its counsel were reasonable and appropriate for the services rendered;

WHEREAS the Court finds that the Receiver has satisfied all known tax obligations of the Receivership; and

WHEREAS the Court has previously entered a judgment against Elite and in favor of the Federal Trade Commission (the "Commission") in the amount of $13,537,288.75, and the Court has directed the Commission to appropriately administer these funds for consumer redress, other equitable relief, and/or disgorgement to the U.S. Treasury; and

WHEREAS the Court finds, given the magnitude of the judgment entered against Elite, it would be futile and a needless waste Receivership assets for the Receiver to administer a claims process for other potential claimants; and

WHEREAS the Receiver has filed his Final Report; Proposal for Distribution; Request for Payment of Final Costs; and Motion to Terminate the Receivership (the "Motion") [Docket No. 158]; and

WHEREAS, good cause exists to grant the Motion;

IT IS HEREBY ORDERED that the Motion is GRANTED.  The Receiver shall pay the final fees and expenses of the Receivership as set forth in the Motion, and thereafter distribute all remaining funds to the Commission towards satisfaction of the Judgment entered by this Court.

IT IS FURTHER ORDERED that, upon distribution of the remaining assets of the Receivership as set forth above, the Receiver shall be discharged of his duties, and the Receivership shall be terminated.

IT IS FURTHER ORDERED that, upon distribution of the remaining assets of the Receivership as set forth above, the Court expressly approves and ratifies the actions of the Receiver during the administration of the Receivership.  The Receiver and his retained professionals are hereby discharged of all duties, responsibilities, obligations, and liabilities in connection with the administration of the Receivership.  The Receiver and all persons and entities engaged and employed by him are hereby released and absolved from and any and all claims arising from the performance of their official duties or the administration of the Receivership, including all claims of Elite and its shareholders.

IT IS FURTHER ORDERED that to the extent any dispute arises concerning the Receiver's administration of the assets entrusted to him or to the extent that any person or entity seeks to pursue or assert any claim or action against the Receiver or the professionals assisting him, arising out of or related to his duties as Receiver in this case, this Court retains jurisdiction to hear and resolve such disputes or claims.

IT IS FURTHER ORDERED that the Receiver is additionally authorized to securely destroy all documents, electronic records, or other items obtained during the course of the receivership, except certain hard-drives the computer laptop which contain information that may be needed by the Commission in the future.  The Receiver is authorized to destroy or dispose of this information at a future date at the direction of the Commission when the Commission has determined that the information is no longer needed.

IT IS FURTHER ORDERED that the Receiver is hereby vested with authority and directed to take any other additional steps to wind up the affairs of the receivership and discharge his remaining duties without further order of this Court.

In accordance with the foregoing, the Receivership imposed by this Court is hereby TERMINATED and the Receivership Estate is CLOSED.

DATED this _____ day of _____, 2020.

BY THE COURT:

_____
Hon. ROBERT R. SHELBY
United States District Court Judge